ANSEL DUDLEY *vs.* POLAND PAPER COMPANY.

Oxford.    Opinion May 8, 1897.

*Sales.    Pleading.    Exceptions.    Non-suit.    Evidence.*

When goods are sold to be delivered at a place named at a future time and before delivery they are accidentally lost or destroyed, the loss falls upon the buyer if at the time of the loss the title had passed to him; otherwise the seller must bear the loss.

When the writ contains a count on an account annexed in which the various kinds of goods sued for are accurately specified, *held;* that such a form of declaring is sufficient when the goods sold have been delivered, and by the terms of the sale the price of the goods was to be paid in money. When the price of goods sold is to be paid otherwise than in money, a special count is necessary.

When the defendant's request for an instruction is equivalent to a non-suit, the court may properly withhold the instruction.

A postponement of the admission of evidence during a trial, by order of the court, is not an exclusion, when its admissibility is reserved for further consideration. If such testimony is not offered again, and the attention of the court is not called again to it, an exception will not be sustained on the grounds that it was excluded.

ON MOTION AND EXCEPTIONS BY DEFENDANT.

This was an action of assumpsit to recover the value of certain poplar pulp wood which the plaintiff agreed to sell to the defendant and deliver in the Androscoggin river. The declaration contained an account annexed, the money counts, and a count for goods bargained and sold.

A principal question in controversy was as to the precise time

when the title to the pulp wood passed from the plaintiff to the defendant. The court submitted this question to the jury with full instructions and stated to the jury in the beginning the following: "If it passed when it was surveyed on the banks of the tributaries of the Androscoggin, then a very important balance would be found due the plaintiff. If, on the other hand, that title did not pass, under the mutual understanding and intention of the parties, until the wood was delivered in the Androscoggin river, then a very different balance would be found due, if anything, to the plaintiff. So one of the principal questions, perhaps the principal question, involved here is what was the real intention of the parties in relation to the passing of the title from the plaintiff to the defendant company of that pulp wood in the spring of 1895."

The plaintiff claimed that the title to the poplar wood passed to the defendant at the time of survey on the banks of the streams tributary to the Androscoggin river. The defendant claimed that the title did not pass until the poplar wood was delivered in the Androscoggin river.

The defendant requested the following instructions, among others, which the presiding justice declined to give: (1) In this action plaintiff can recover no part of the contract price; (2) plaintiff can recover none of the advance money mentioned in the contract; (3) plaintiff can recover for only the exact number of cords of poplar actually received by the defendant during the spring and fall of 1895; (4) plaintiff cannot recover from the defendant the price of the value of the poplar left in the tributaries on the Androscoggin river in 1895; (5) plaintiff cannot recover of the defendant for the poplar that was not driven into the Androscoggin river before the fall of 1895; (6) to constitute a delivery of the poplar, mentioned in the contract within the terms thereof, it must have been delivered in the Androscoggin river in the spring of 1895, etc.

The instructions touching these questions given to the jury by the presiding justice, and to which no exception was taken, were full and elaborate.

*J. S. Wright* and *J. P. Swasey*, for plaintiff.

*W. H. Payson and H. R. Virgin; and O. H. Hersey,* for defendant.

It is well settled, that while a special contract remains open, i. e., unperformed, the party whose part of it is unperformed can not sue in indebitatus assumpsit to recover a compensation for what he has done, until the whole is completed. This principle is affirmed and acted on in *Cutter* v. *Powell,* 6 T. R. 320; it was also the ground of the decision in *Hulle* v. *Heightman,* 2 East, 145, which principle, the American authors of Smith's Leading Cases say, has never since been questioned.

Counsel also cited:   2 Greenl. Ev. § 104; *Holden Steam Mill* v. *Westervelt,* 67 Maine, 447, and cases; *Slayton* v. *McDonald,* 73 Maine, 50; Broom's Leg. Max. 7 Am. Ed. 651; 1 Chit. Pl. 16 Am. Ed. *350, note (g) and cases; *Charles* v. *Dana,* 14 Maine, 387; *Mitchell* v. *Gile,* 12 N. H. 390.

" The effect of an agreement in the contract of sale, that the seller shall deliver the property sold at some particular place, is sometimes to postpone the vesting of title in the buyer until such delivery is made; . . . . the general rule is that if it is a part of the contract of sale that the seller shall deliver the property sold at some place specified, and receive payment on delivery, title will not pass until such delivery." Benjamin on Sales, p. 325. This is always a question of intention. *Penley* v. *Bessey,* 87 Maine, 532.

SITTING:   PETERS, C. J., WALTON, HASKELL, STROUT, JJ.

WALTON, J.   When goods are sold to be delivered at a place named at a future time, and, before delivery, they are accidentally lost or destroyed, it often becomes a difficult question to determine whether the buyer or the seller must bear the loss. If at the time of the loss the title had passed to the buyer, he must bear the loss; otherwise the seller must bear the loss. But in many cases it is extremely difficult to determine whether or not the title had passed to the buyer.

This is such a case. The plaintiff agreed to furnish the defend-

ant with a large quantity of pulp wood, to be delivered into the Androscoggin river during the spring of 1895. And a large quantity was so delivered. But some of the logs which had been surveyed remained upon the banks of streams leading into the Androscoggin river, and the next fall or winter were carried out to sea by a freshet and were lost. The question is whether, under the circumstances disclosed by the evidence, the plaintiff or the defendant must bear this loss. The plaintiff claimed in his writ that there was due him a balance of $2,095.25. He obtained a verdict for $969.38. How the jury reached this result we do not know. Perhaps they thought it would be equitable to apportion the loss. One of the questions is whether this verdict is so clearly wrong as to require us to set it aside and grant a new trial. We do not think it is.

The defendant insists that the form of the action is such that the plaintiff should not be allowed to recover. We think the form of the action is well enough. The writ contains a count on an account annexed in which the various lots of logs sued for are accurately specified. Such a form of declaring is sufficient when the goods sold have been delivered, and by the terms of the sale the price of the goods was to be paid in money. When the price of the goods sold was to be paid otherwise than in money, then a special count is necessary. But when, as in this case, the plaintiff claims that the goods have been delivered, and the price is payable in money, a count on an account annexed is sufficient. This mode of declaring has long been sanctioned in this and other states, and its sufficiency in a case like this can not now be questioned. *Cape Elizabeth* v. *Lombard*, 70 Maine, 396.

We think the defendant's requested instructions were properly withheld. If they had been given, the effect would have been equivalent to a nonsuit. We think the evidence was such as to justify submitting the case to the jury; and, as already stated, we do not think their verdict is so clearly wrong as to require us to set it aside.

The defendant claims that evidence was improperly excluded. The record fails to show that the evidence referred to was

excluded.    Its admissibility was only reserved for further consideration, and it was not again offered.    What took place was this: John Reed, a witness for the plaintiff, was asked on cross-examination to state whether it was the custom on Swift river, and wherever he had driven, before putting wood into the streams to drive, to know whether the booms at the place of destination were out or not.    The plaintiff's counsel objected, and the court said, "Omit that for the present."    The defendant's counsel then put substantially the same question in another form, and the court said, "If that becomes material you may recall him; I will save your rights in the matter."    And later in the trial the court allowed the defendant to introduce evidence of the custom referred to.    And Mr. Reed was again put upon the stand, but the question was not again asked him.    The right to again offer the testimony of Mr. Reed upon the point was reserved to the defendant, and Mr. Reed was again upon the stand, and the defendant had an opportunity to again offer his testimony in relation to the custom; and if the defendant had again offered it, we can not entertain a doubt that it would have been received.

But we rest our decision upon the ground that a postponement is not an exclusion; that when the admissibility of evidence is reserved for further consideration, and it is not again offered, and the attention of the court is not again called to it, an exception can not be sustained on the ground that it was excluded.    We hold that in such cases postponement is not exclusion, and can not be so treated.

*Motion and Exceptions overruled.*