AMERICAN BANK AND TRUST COMPANY *v.* RAGSDALE ET AL.

[No. 10,409. Filed December 15, 1920.]

1. APPEAL.— *Standing on Demurrer.— Pending Issue.*— Where plaintiff's demurrers to four of the five paragraphs of answer were overruled, it can stand on the demurrers and appeal from the judgment rendered against it for refusal to plead further, notwithstanding the issue pending on the paragraph of answer not demurred to. p. 370.

2. BILLS AND NOTES.—*Negotiability.—Consent by Surety, Endorser or Guarantor to Extension.*—A provision in a promissory note that any person signing or writing his name thereon as surety, endorser or guarantor by so doing expressly consents that the time of payment may be extended from time to time without any rights being released or waived, does not render the same nonnegotiable under the law in force prior to the

enactment of the Negotiable Instruments Act (§9089a Burns 1914, Acts 1913 p. 120). p. 370.

3. BILLS AND NOTES.—*Actions.*—*Complaint Showing Plaintiff Bona Fide Purchaser.*—*Failure to Deny by Answer.*—It is permissible in an action on a promissory note for plaintiff by his complaint to assume the burden of showing that it was a *bona fide* purchaser for value before maturity and, where this has been done, answers of failure of consideration that do not contain a denial of such averments in the complaint are insufficient. p. 372.

4. APPEAL.—*Briefs.*—*Points.*—*Review.*—Where appellant failed to present any point in his brief on the court's ruling on his demurrer to one paragraph of answer, such ruling will not be considered. p. 373.

From Montgomery Circuit Court; *Jere West,* Judge.

Action by the American Bank and Trust Company, against Joseph Ragsdale and another. From judgment for defendants, the plaintiff appeals. *Reversed.*

*Acton & Acton* and *Crane & McCabe,* for appellant.

*Albert D. Thomas, Andrew N. Foley* and *Nina Lindley,* for appellees.

BATMAN, J.—This is an action by appellant on a promissory note for the sum of $1,250, executed by appellees on March 22, 1913, and payable to Junkens and O'Neil on September 1, 1914, at the State Bank of Russellville, Indiana. The complaint is in the usual form for such proceeding with the following additional averments: "That before the maturity of said note the payees, Junkens & O'Neil, duly transferred said note by endorsement to the plaintiff herein for a valuable consideration; that the plaintiff herein purchased and acquired said note from the said payees in the usual course of business in good faith, and for a valuable consideration, before the maturity thereof, without notice of any defense thereto."

The note, a copy of which was made a part of the complaint, contained, among others, the following provision:

"Any person signing or writing his name hereon as surety, endorser or guarantor by so doing expressly consents that the time of payment hereof may be extended from time to time without any rights being released or waived."

Appellees filed an answer to the complaint in five paragraphs. The first and second allege that appellant was not the real party in interest. The third and fourth are based upon an alleged breach of warranty and failure of consideration. The fifth contains, among others, the following allegations: "That the note sued upon was given in consideration of the sale by the payees to the makers thereof of a certain stallion, and that the purchase of said stallion was induced by certain false and fraudulent representations alleged to have been made by the payees Junkens & O'Neil to the appellees as to the stallion being free from disease and being a pure bred Percheron stallion, eligible to enrollment and registration as such in the Stud Book of the Indiana Stallion Enrollment Board at Lafayette, Indiana; that said stallion was diseased and of no value and was not a pure bred Percheron and was not eligible to enrollment or registration as such, etc."

Appellant demurred separately to each of said paragraphs of answer, except the first, for want of sufficient facts. The court overruled said demurrer to each of said paragraphs of answer. Appellant refused to plead further, and thereupon the court rendered judgment against it as upon default, and in favor of appellees for their costs. Appellant now prosecutes this appeal on an assignment of errors, which calls into question the action of the court in overruling its demurrer to each of said paragraphs of answer.

Appellees assert that, where there is an undetermined issue raised by one paragraph of an answer, a plaintiff

cannot stand upon the action of the court in over-
1.  ruling his demurrer to another paragraph of an-
swer, and refuse to plead further, for the reason
that there is still a pending issue.  Based on this asser-
tion they contend that this appeal cannot be maintained,
as there is still a pending issue presented by their first
paragraph of answer.  In view of the ruling in the case
of *Kern* v. *Saul* (1895), 14 Ind. App. 72, 42 N. E. 496,
we hold that this contention is not well taken.

The parties agree that a determination of the ques-
tion whether the note in suit is a negotiable or a non-
negotiable instrument will be decisive of the
2.  merits of this appeal.  It will be observed that
the note bears a date prior to the time the act
of 1913 relating to negotiable instruments became ef-
fective.  There being no contention to the contrary, we
will assume that it was executed on the date it bears,
and determine the question submitted without reference
to said act, as its provisions do not apply to negotiable
instruments made and delivered prior to the passage
thereof.  §9089m7 Burns 1914, Acts 1913 p. 120, §195.
Appellees contend that the provision in the note quoted
above renders it nonnegotiable, and cite a number of
Indiana decisions in support of their contention, which
contain provisions to the effect that the payee or holder
of the note may extend the time of payment.  They con-
cede that the note in suit does not expressly so provide,
but insist that such provision should be read into the
same by implication, so that it may be given the same
meaning as if the following language was used in lieu
thereof: "Payment hereof may be extended by the payee
or any subsequent holder of the note."  We cannot
agree to this construction of the provision in question.
The language which appellees suggest might be used to
more clearly express the meaning of the provision
under consideration imports an agreement *on the part*

*of the makers* of the note, both of whom appear to be principals thereon, that the payees or holders thereof, at their option, may extend the time of payment, while the language in which the provision is written limits such agreement definitely to any person writing his name thereon "as surety, endorser or guarantor." Therefore the language suggested cannot be accepted as a substitute for the language used in determining the effect of the provision in question on the negotiability of the note in suit.

An examination of the record fails to disclose that any one bore the relation of guarantor to said note. It does not appear from the face of the note that either of appellees is a surety thereon. In fact, they admit by their joint answer that they executed the same as copurchasers of a certain stallion. Therefore it cannot be said that the provision in question ever became effective as far as it relates to a guarantor or a surety. It appears, however, from the allegations of the complaint, as well as the note itself, that Junkens and O'Neil, the payees thereof, became indorsers thereon, and by reason of the fact became bound by the provision under consideration. It is apparent that, if the note had remained in the hands of the original payees, the provision in question would have had no effect whatever on the negotiability of the note, since there would have been no one to which it applied. *Iowa, etc., Bank* v. *Wignall* (1916), 53 Okla. 641, 157 Pac. 725; *Smith* v. *Nelson Land, etc., Co.* (1914), 212 Fed. 56, 128 C. C. A. 512. Can it be rightfully said that, because this provision became effective as to the original payees as subsequent indorsers, the note otherwise negotiable, thereby became nonnegotiable? If it can be so said, it must be because such provision, thus made effective, rendered the time for the payment of the note, which until that time had been certain, uncertain. We cannot agree that the in-

dorsement of the note by the original payees had that effect. The obvious purpose of the provision in question was to relieve the holder of the note from the burden made necessary by the rigid requirements of the law merchant, in order to secure the continued liability of those who might become sureties, indorsers or guarantors in relation to such note, and cannot be construed as giving the payees or holders of the note a right to extend the time of payment as against the makers, who are primarily liable, and thus render such time uncertain, and the note nonnegotiable. The conclusion we have reached finds support in the case of *Farmer* v. *Bank, etc.* (1906), 130 Iowa 469, 107 N. W. 170, which involved certain notes containing the following clause: " 'Sureties hereby consent that time of payment may be extended from time to time without notice thereof.' " The court, in answering the contention that such clause rendered the notes nonnegotiable, said: "But in the notes before us, we have a distinct and unqualified agreement on the part of the makers to pay on a certain date. And we perceive no good reason for holding that the negotiable character thereof is destroyed because of a clause embodied therein providing that a surety, if such there shall be, will not claim a release from his collateral liability on the instrument, if, forsooth, an extension of time shall be granted the makers without notice to him." We hold that the note in suit is negotiable notwithstanding the presence therein of the provision in question.

It will be observed that appellant in its complaint assumed the burden of showing that it acquired the note in suit for a valuable consideration before maturity, in the usual course of business in good faith, without notice of any defense thereto. While this is not the usual practice in actions of this kind, it has been held to be a permissible practice. *Johnson*

v. *Harrison* (1912), 177 Ind. 240, 97 N. E. 930, 39 L. R. A. (N. S.) 1207; *Boxell* v. *Bright Nat. Bank* (1916), 184 Ind. 631, 112 N. E. 3. Neither the third, fourth nor fifth paragraph of answer contains a denial of these averments. This being true, no one of them states facts sufficient to bar appellant's right of recovery, and the demurrer to each of them was improperly overruled. *Bunting* v. *Mick* (1892), 5 Ind. App. 289, 31 N. E. 378, 1055.

Appellant has failed to present any point in his brief on the action of the court in overruling his demurrer to the second paragraph of answer, and such action is therefore not considered.

The judgment is therefore reversed, with instructions to sustain appellant's demurrer to said third, fourth and fifth paragraphs of answer, and for further proceedings consistent with this opinion.