## McDONALD v. MULKEY*
(No. 1091; December 23, 1924—231 Pac. 662)

APPEAL AND ERROR—NEGOTIABLE INSTRUMENTS—PLEADING—AMEND-
MENTS—NEGOTIABILITY—HOLDER IN DUE COURSE—REAL PARTY IN
INTEREST—BANKS AND BANKING—FINDING UNDISTURBED WHERE
BOTH PARTIES MOVED FOR DIRECTED VERDICT—FRAUD—CORPORA-
TIONS—EVIDENCE—DEPOSITIONS—TRIAL—FRAUDULENT REPRESENTA-
TIONS.

1.  Where amendment was authorized by court and was proper, the judgment will not be disturbed because of failure to change form of pleading.
2.  Plaintiff, suing on note, need not allege that he is holder in due course, since, unless defendant establishes defense, plaintiff, if holder, can recover, though not holder in due course.
3.  Under Negotiable Instruments Act, one, with whom note indorsed by payee has been left for collection, may, with owner's consent, bring action thereon, being real party in interest within Comp. St. 1920, § 5580.
4.  In action on notes, answer alleging that plaintiff was seek-ing to collect notes as payee's agent *held* insufficient to raise issue as to plaintiff's right as holder to maintain action, notwithstanding further allegation that plaintiff

was not real party in interest; such allegation being mere conclusion not justified by facts pleaded.

5.  The right to recover on notes free from defense of fraud was same whether plaintiff was himself holder in due course, or derived his title through such a holder, under Comp. St. 1920, § 3991.

6.  Where plaintiff suing on note, in pleading title through holder in due course mistakenly alleged in his reply that transferee continued to be holder until date subsequent to commencement of action, and answer raised no issue as to plaintiff's right to maintain action, permitting amendment to reply *held* not abuse of discretion.

7.  Note containing stipulation authorizing attorney to confess judgment for ''amount due * * * at any time after date hereon, or after maturity,'' *held* negotiable; such stipulation not authorizing confession of judgment before maturity.

8.  Stipulation that ''sureties and indorsers hereby consent that time of payment may be extended without notice thereof and waive protest'' did not render notes non-negotiable on theory that time of payment was not ''fixed and determinable,'' within Comp. St. 1920, § 4117, in view of sections 3938, 4015 and 4043.

9.  Indorsement of note to bank, in violation of Comp. St. 1920, § 5148, did not affect bank's transferee's right to recover thereon against maker.

10.  Court's finding of fact on disputed question, in directing verdict for one of the parties, will not be disturbed where both parties asked for directed verdict.

11.  Generally, an expression of opinion as to values is not fraud.

12.  Representation by seller of stock that stock was worth more than that of other corporation *held* not fraud in absence of showing as to value of such other stock.

13.  In action on notes given for stock and defended on ground that sale of the stock was induced by fraud, in which plaintiff had introduced evidence that defendant, after purchase of stock, had exchanged it for that of other company, defendant's testimony on cross-examination, over objection, that he had made no investigation of other corporation, *held* harmless.

14.  Testimony of assistant treasurer of corporation as to corporation's transactions *held* inadmissible as hearsay, where books of corporation were not offered in evidence,

nor shown to be proper memorandum for use by witness in refreshing his memory.

15. Stipulation waiving objections to introduction of depositions expressly stating that ''no objection is waived as to the competency, relevancy, or materiality of said depositions in any of said cases, or their admission under the rules of evidence,'' did not preclude a party from objecting to testimony contained in a deposition on ground that it was hearsay.

16. Where judge announced that he would look matter over on objection to admissibility of written instrument, but made no ruling, and instrument was not again offered in evidence, the instrument will not be considered, on appeal, as in evidence.

17. In action on notes given for corporate stock, defended on ground that sale of stock was induced by fraudulent representations as to number of producing wells operated by the corporation and amount produced, direction of verdict for plaintiff on ground that there was no evidence to warrant submission of fraud, after both parties had moved for directed verdicts, *held* warranted.

18. In action on note given for stock in oil company, defended on ground that sale was induced by fraudulent representations, defendant had burden of proving falsity of representations.

19. Where court had expressed his purpose to grant plaintiff's motion for directed verdict before plaintiff's motion for directed verdict was made, and before case was reopened for further evidence, but both motions were renewed after additional evidence was taken, without any request that any issue of fact be submitted to the jury, rule that court's findings of fact to sustain direction of verdict should not be set aside unless clearly against weight of evidence, where both parties moved for directed verdict, was applicable.

*NOTE—See Headnotes (1) 4 C. J. p. 750; (2) 8 C. J. p. 893; (3) 8 C. J. pp. 824, 838; (4) 8 C. J. pp. 933, 937; 31 Cyc. p. 65 (1926 Anno); (5) 8 C. J. pp. 486, 787; (6) 4 C. J. p. 799; 31 Cyc. P. 456; (7) 8 C. J. p. 128; (8) 8 C. J. p. 141 (1926 Anno); (9) 7 C. J. p. 596; 14 a C. J. p. 337; (10) 4 C. J. p. 902; (11) 13 C. J. p. 384; 26 C. J. p. 1216; (12) 14 C. J. p. 694; (13) 4 C. J. p. 968; (14) 22 C. J. p. 214; (15) 36 Cyc. p. 1291; (16) 4 C. J. p. 679; 38 Cyc. p. 1348 (1926 Anno) (17) 14 C. J. p. 715; (18) 14 C. J. p. 712; (19) 4 C. J. p. 902.

APPEAL from District Court, Goshen County; WILLIAM C. MENTZER, Judge.

Action by John T. McDonald against H. G. Mulkey. Judgment for Plaintiff, and Defendant appeals.

*C. A. Paige* and *Marion A. Kline* for Appellant.

Where there is doubt as to whether a representation is an expression of opinion, or the statement of a fact, it is a question for the jury. Chase v. Boughton, 93 Mich. 285, 54 N.W. 44; Crane v. Elder, 48 Kan. 259, 29 Pac. 151; Stockton et al v. Hind et al (Cal.) 196 Pac. 122; Horowitz v. Kuehl (Wash.) 200 Pac. 571; Hoptowit v. Brown (Wash.) 198 Pac. 370; Pacific Gas & Electric Co. v. Alamanzo, (Ariz.) 198 Pac. 457; Olston v. Oregon Water Power & Ry. Co. (Ore.) 96 Pac. 1095; The court erred in permitting counsel for Plaintiff to reopen the case or introduce testimony different from testimony formerly given as to the ownership of the note. The court erred in sustaining the motion of plaintiff for a directed verdict. Where there is any evidence to support the allegations of the pleadings, it is error for the court to direct a verdict. Calkins v. Coal Co. 25 Wyo. 409; Boswell v. Bank, 16 Wyo. 161; Riner v. Ins. Co. 9 Wyo. 181. Parties are estopped to controvert allegations or admissions in their own pleadings 31 Cyc. 87. Court proceedings must be orderly Wiggins v. State (Wyo.) 206 Pac. 373. The amendment of plaintiff's reply was a departure from the allegations of his petition; and not justified by the provisions of Sec. 5707 C. S. An application to amend is addressed to the sound discretion of the court; Barrett v. Shipley, 206 Pac. 231. Where allowed, it cannot be considered on appeal, 31 Cyc. 452. It is error to permit an amendment to conform to facts illegally proven, 31 Cyc. 452, 1 Ency. P&P, 585; Guerrin v. Ins. Co. 46 N. W. 138. The court erred in permitting the amendment. Bank v. Rogers, 61 N. Y. S. 155; Moore v. Co. (N. Mex.) 113 Pac. 828; Brown v. Co. (Ia.) 150 N. W. 1057; Bransford v. Ins. Co. (Colo.) 39 Pac. 419. Accord-

ing to the reply as amended, Cheyenne State Bank and not the Plaintiff was the owner and holder of the notes until August 10th, 1920, and Plaintiff did not purchase them before maturity. There was no evidence to support a directed verdict for plaintiff; the notes were non-negotiable. Plaintiff did not have a right of action at the commencement of his suit. Titus v. Gunn, (N. J.) 55 Atl. 735; Hoyt v. Wilkinson, (Mass.) 10 Pick 31; Kirchner v. Bd. (Ia.) 118 N. W. 53; Fults v. Munro (N. Y.) 95 N. E. 25; R. R. Co. v. Maurel (Fla.) 56 So. 670. The pleadings and proofs do not agree hence the judgment cannot stand. Angelina Co. v. Hines, 184 S. W. 596, Sec. 3984 C. S. does not apply. A provision authorizing confession of judgment and recovery of attorney's fees at any time after maturity date destroys negotiability, Wis. Co. v. Babler, 91 N. W. 678; Brewing Co. v. McKittrick (Mich.) 48 N. W. 1086; Kampton v. Co. (Ida.) 94 Pac., 1039; Western Co. v. Burnett (Ore.) 161 Pac. 384; Bank v. Carter (Ia.) 123 N. W. 237. Consent to extension without notice and waiver of protest destroys negotiability; Bank v. Nolan (Ida.) 93 Pac. 508; Bank v. Heslet (Kan.) 113 Pac. 1052; Manhard v. Bank (Ia.) 165 N. W. 185; Woodbury v. Roberts (Ia.) 13 N. W. 312; Lamb v. Storey (Mich.) 8 N. W. 87, 3934 C. S. Bank v. Purdy, 22 N. W. 93; Chicago Bank v. Trust Co. (Ill.) 60 N. E. 586, Sec. 5148 C. S. nullified the notes in the hands of the bank; Vannatta v. State Bank 9 (0) 27; this section was adopted from Ohio and its interpretation in that state is of binding force here; II Lewis Suth. Stat. Cons. 404, see also Gause v. Com. T. Co. 196 N. Y. 134; Wald v. Wheelon (N. D.) 147 N. W. 402. The verdict and judgment are contrary to the law and the evidence. Plaintiff was not entitled to amend his pleadings and get back into court after he had sworn himself out of court; qualities of negotiability are fixed and cannot be enlarged upon mere considerations of logic or even equity; Pitman v. Walker, 203 Pac. 741.

*Kinkead, Ellery* and *Henderson* for Respondent.

No error was committed in permitting Plaintiff to re-open and submit further evidence. Error is frequently adjudged for a refusal to do so; Liberty Works v. Gertz, 184 N. Y. S. 470; Helling v. Wright (Calif.) 156 Pac. 365-368; Covert v. Town (Ia.) 149 N. W. 67; Bridger v. Bank, (Ga.) 115 A. S. R. 118; Brigs v. Ins. Co. 214 (Ill. App.) 181; Reynolds v. Ry. Co. 113 N. E. 413. Permission to recall the Plaintiff was within the discretion of the court; Dowler v. Co. Ann. Cas. 1914 C. 341; Jones v. Co. (Ga.) 99 S. E. 388; Piehl v. Piehl (Mich.) 101, N. W. 628; Chicago Co. v. Walsh, 136 Ill. App. 73; No objections on the ground of variance were made at the trial, and general objections were insufficient and a waiver of other grounds; Remington v. Machamer, 186 N. W. 32; Henderson v. Dreyfus, 191 Pac. 442; Barney v. Morenci, 172 N. W. 501; Henderson v. Coleman 19 Wyo. 183; Reynold v. Morton 22 Wyo. 174; D. L. R. Co. v. Produce Co. (8th Cir.) 219 Fed. 155; Empire Co. v. Lanning (Colo.) 113 Pac. 491; A motion to strike must be based on an objection previously stated and waives other grounds; R. R. Co. v. Blaylock (Ann. Cas. 1917 A. 563; Flanagan v. Co. 127 A. S. R. 315; Pinto v. Seely, 135 Pac. 43. Permission to amend is discretionary and not reviewable; Bassinger v. Weiss, (Wyo.) 195 Pac. 527; Steere v. Gingery (S. D.) 123, N. W. 863; Mansfield v. Mallory (Ia.) 118 N. W. 291; Stevens v. Vermillion (Kans.) 170 Pac. 807; Gould v. Gould (Wash.) 169 Pac. 324; Finnegan v. Ulmer (Nev.) 104, Pac. 17; the amendment permitted to conform to proofs was proper; Foxwell v. Justice (Ky.) 231 S. W. 509; both parties having moved for a directed verdict submitted the whole case to the trial court, and its findings take the place of a verdict of the jury. Sneider v. Big Horn Milling Co. (Wyo.) 200 Pac. 1011; McGhee v. Kirsher (Colo.) 204 Pac. 891; Moore v. Crittenden, 204 Pac. 1035; the answer does not allege fraud and is not sufficient; Robertson v. Frey (Ore.) 141 Pac. 128; Outcault Co. v. Buell (Ore.) 141 Pac. 1020; 12 R.

C. L. 421; Hartford Co. v. Hope 81 N. E. 595. It does not state wherein representations were false. 12 R. C. L. 420; Specht v. Allen, 6 Pac. 494; Bank v. Swan 3 (Wyo.) 366. It does not allege that defendant was misled, 20 CYC 102; Andrews v. Co. 130 U. S. 643. There being no defense to the note it was immaterial for plaintiff was a holder in due course, Stevens v. Vermillion, (Kan.) 200 Pac. 277; Kahn v. Co. 4 (Wyo.) 419. Credibility of witnesses was for the court, McCulley v. McArthur, (Cal.) 201 Pac. 323; Bessinger v. Weiss (Wyo.) 195, Pac. 527, Sec. 906 U. S. R. S. Controls as to certified records from other states, Gold v. Gordon (Mont.) 95 Pac. 995. Surety Co. v. Love, 178 N. W. 917; Ins. Co. v. Stevens, 71 Fed. 258; Wilcox v. Bergnan (Minn.) 104 N. W. 955; Bliler v. Boswell 9 (Wyo.) 57. This section was not complied with, and it may be assumed that the evidence was disregarded, 4 C. J. 99; Young v. Strickland 17 Wyo. 526. The allegation that the plaintiff was a holder in due course was not essential 3984 C. S., 5676 C. S.; Bank v. Bank 24 (Wyo.) 423, 8 C. J. 959, 2 R. C. L. 994. A judgment note is negotiable, 8 C. J. 1007; Fisher Co. v. Bank, 54 Pac. 124; Kreig v. Bank (Ind.) 111 N. E. 31. Waivers by surety endorsers and guarantors did not effect negotiability; Bank v. Buttery, N. D. 116 N. W. 341; Bank v. Kinney, 483 S. W. 368; Bank v. Laukonen (Colo.) 121 Pac. 947; Bank v. White (Tenn.) 191 S. W. 332 nor waiver of protest, 8 C. J. 129. The alleged violation of 5146 C. S. did not defeat collection of note; Union Co. v. Bank 96 U. S. 645; Bank v. Bank 282 Fed. 73, 7 C. J. 713.

KIMBALL, Justice.

This is a direct appeal from a judgment entered on a directed verdict. The parties will be called plaintiff and defendant as in the court below.

The defendant (appellant) was sued as the maker of three promissory notes, each for $1250, payable to S. L. Vance, one dated July 31, 1919, due in one year, the others dated August 16, 1919, due in ten months. The notes are endorsed in blank by the payee. The action was commenced

August 19, 1920, the plaintiff in his petition alleging, among other things, that he was then ''the bona fide owner and holder in due course'' of said notes, and the ''purchaser thereof for value and before maturity.'' The defendant answered that he was induced to make the notes by the fraud of the payee. The answer denied that the notes ''were endorsed by said S. L. Vance to the plaintiff;'' that they ''were negotiated for value prior to the maturity thereof;'' that ''plaintiff is now or ever has been a bona fide owner and holder in due course'' of said notes; and that ''plaintiff was the purchaser thereof for value and before maturity.'' The answer alleges further that the notes were placed for collection with the Cheyenne State Bank of which the plaintiff is the vice-president and manager, and that at the time the bank received the notes the plaintiff knew of the fraud practiced by Vance in obtaining them. The answer also recited that prior to the maturity of the notes the defendant was notified by the bank that it was the owner and holder thereof; that defendant then inquired about the notes at the bank and was again informed that the bank was the owner and holder of them, ''when as a matter of fact said notes were merely left there for collection,' and said Cheyenne State Bank and the plaintiff herein are merely the agents for a third party; that plaintiff is not the real party in interest and that therefore under the laws of this state, he is not entitled to maintain or carry on the suit; that said plaintiff never paid any consideration for said notes, or had any pecuniary interest therein.''

The reply denied the fraud. It denied, also, that the notes had been placed with the Cheyenne State Bank for collection, and alleged facts to show that the bank became a holder in due course of the notes and continued to own and hold them until on or about September 7, 1920 when it sold and transferred them to the plaintiff. This, it would seem, was inconsistent with the allegation of the petition that the plaintiff was the holder of the notes on August 19, 1920 when he commenced the action. This defect in the

plaintiff's pleadings was not called to the attention of the court before the trial, and, apparently, passed unnoticed until the last stages of the trial as will presently be stated.

At the trial the plaintiff in his case in chief proved the genuineness of the signature of the payee on the back of each of the notes, introduced the notes in evidence, and testified that he "acquired them from the Cheyenne State Bank September 7, 1920." When the plaintiff rested his case in chief this was all the evidence as to the plaintiff's title and possession, and no question was then raised in regard to his failure to prove that he was the holder of the notes at the time of the commencement of the action.

After the defendant had introduced his evidence, the plaintiff moved for a directed verdict, and the judge announced that the motion would be sustained on the ground that the evidence on the issue of fraud was insufficient to warrant the submission of the issue to the jury.

Thereupon, the defendant moved that a verdict in his favor be directed. This motion was predicated on four grounds, which may be shortly stated as follows: (1) because of material variance between the allegations of the petition and the proof, the petition alleging that the plaintiff purchased the notes before maturity, and the proof showing that he did not purchase or become the owner until after maturity; (2) because the purchase of the notes by the Cheyenne State Bank was in contravention of the laws of the state, and therefore null and void; (3) because under the laws of the state the bank had no power or authority to sell or dispose of the notes to the plaintiff, and any attempt to do so was *ultra vires* and void, and (4) because the uncontradicted evidence showed that the plaintiff had no right, title or interest in the notes until September 7, 1920, after the commencement of the action.

To cure the defect thus suggested by the fourth ground of the defendant's motion the plaintiff asked leave to reopen his case for the purpose of proving that the notes were in the possession of the plaintiff at the time the action was

brought. In objecting to the granting of this request the defendant for the first time called attention to the fact that the reply alleged that the bank was the holder of the notes at the time of the commencement of the action.

The plaintiff's request for leave to re-open the case was granted, and testimony was then given by the plaintiff himself, one of his attorneys and the cashier of the Cheyenne State Bank from which, we think, it clearly appeared that the plaintiff was entitled to sue as the bearer or holder of the notes under the Negotiable Instruments Law, as explained in Hay v. Hudson (Wyo) 224 Pac. 840. We deem it unnecessary to recite the testimony given on this point after the re-opening of the case. It may not have been sufficient to show that the plaintiff was the owner of the notes at the time of commencement of the action, but we think it did conclusively show that he was then in possession with the right to sue with the consent of the owner.

After the taking of this testimony, plaintiff's counsel announced that "the plaintiff now amends the reply  *  *  * by substituting the words 10th day of August for the words 7th day of September." Each party renewed his motion for a directed verdict, and the court granted the plaintiff's motion and denied the defendant's. In the course of the colloquy between the judge and counsel, the judge said: "Let it appear in the record, prior to directing the verdict, that the court permitted the re-opening of the case for additional evidence on the part of the plaintiff, and also permitted the amending of the pleadings to conform to the proof." No actual change was made in the reply, but that omission is not material. If the amendment might have been made, the judgment will not be disturbed because of failure to change the form of the pleading. Kuhn v. McKay, 7 Wyo. 42; 49 Pac. 473, 51 Pac. 205; Chicago, B. & Q. R. Co. v. Pollock, 16 Wyo. 321, 93 Pac. 847.

The defendant earnestly contends that the court should have directed a verdict in his favor on the ground that the plaintiff was not the real party in interest, and should not

have permitted the plaintiff to re-open his case and amend his reply. While it is conceded that the granting of leave to re-open a case for the purpose of taking further evidence and the granting of permission to amend pleadings are matters usually left to the discretion of the trial court, it is insisted that in the circumstances of this case the discretion has been abused. The contention would find little support in the record if it were not for the confusion in plaintiff's pleadings. The petition alleges facts to show not only that the plaintiff was the holder of the notes at the time of bringing suit but also that he was a holder in due course. He need not have pleaded so much. Unless the defendant established a defense to the notes, the plaintiff was entitled to recover if he was the holder, though not a holder in due course. When the defendant answered alleging the fraud of the payee in procuring the notes, he pleaded also, as was proper, facts to show that the plaintiff was not a holder in due course. He states in his answer that neither the bank nor the plaintiff owned the notes, but, in effect, that they were seeking to collect them as the agent of the payee. If that were true, the plaintiff would not be a holder in due course, but he would nevertheless be a holder entitled to maintain the action as the real party in interest within the meaning of the code and the negotiable instruments law as interpreted in Hay vs. Hudson, supra. See also: McCallum v. Driggs, 35 Fla. 277, 288, 17 So. 407. It would seem, therefore, that the answer raised no issue as to the right of the plaintiff to collect the notes for the true owner, but only as to who was the true owner, and if the fraud alleged in the answer was not established the defendant was not interested in the question of the ownership. We think, then, that the answer not only failed to deny plaintiff's right as a holder to maintain the action but in effect affirmed that right. In the circumstances the allegation that the plaintiff was not the real party in interest was a mere conclusion not justified by the facts pleaded. It is true that the answer contains a denial that the notes were endorsed by the payee

to the plaintiff, and a general denial of "every other material allegation" in the petition. Whether these denials, if unqualified, would raise an issue of fact as to plaintiff's right to maintain the action as a holder, we do not decide. See: Underwood v. Quantic, 85 Kan. 111, 116 Pac. 361. Other specific denials, as above quoted, were evidently intended to deny only that plaintiff was a holder in due course, and are probably pregnant with the admission that he was the holder. Tate v. People, 6 Colo. App. 202; 40 Pac. 471; Metropolitan Discount Co. v. Davis, 69 Ok. 111, 170 Pac. 707, 7 A. L. R. 670. The signature of the payee on the back of the notes was proved on the trial without controversy. If the notes were endorsed by the payee, and, as alleged in the answer, left with the plaintiff for collection, the plaintiff was entitled to maintain the action. McCallum v. Driggs, supra.

The plaintiff having alleged in his petition that he was a holder in due course, and that fact, as we have seen, being denied by the answer, the plaintiff then in his reply pleaded that he derived his title through the bank and that the bank was a holder in due course. The right of the plaintiff to collect the notes free from the defense of fraud was the same whether he was himself a holder in due course, as alleged in the petition, or derived his title through such a holder, as alleged in the reply. Wyo. C. S. 1920, § 3991, N. I. L. § 58. Whether the inconsistency in this respect between the petition and the reply was so material as to constitute a technical departure, and, if so, whether it was waived by failure to raise the question by timely demurrer or motion, we do not say. Plaintiff's right as a holder in due course, or as one who derived his title through a holder in due course, was not material unless the court erred in refusing to submit to the jury the issue of fraud. If the trial judge was justified in directing a verdict in plaintiff's favor on the issue of fraud, the conflict between the allegations of the petition and the reply as to the manner by which the plaintiff became entitled to the rights of a holder

in due course was immaterial. The plaintiff, however, in
setting forth in his reply the facts to establish that he de-
rived his title through a holder in due course, alleged that
the bank continued to be the holder until September 7, after
the action was commenced, and on the trial the plaintiff
testified that he acquired the notes on September 7. By the
evidence taken after the re-opening of the case we think
it was clearly established that this allegation of the reply,
and the testimony on the point as at first given by the plain-
tiff, in so far as the allegation and testimony tended to show
that plaintiff was not in possession of the notes with au-
thority to collect them for the owner, were the result of a
mistake, which, in the absence of any issue in the answer
as to the plaintiff's right to maintain the action, was prop-
erly permitted to be corrected by the taking of further evi-
dence on the subject and the amendment of the reply to
conform thereto.

The defendant argues that he was lulled into a feeling of
security by the state of the pleadings on the question of
plaintiff's ownership and possession of the notes, and did
not therefore have available at the trial all the evidence he
might have had to prove fraud, and did not, for the same
reason, deem it necessary to apply for a continuance. On
this point it is perhaps sufficient to say that it seems never
to have been raised in the trial court, and is entitled to be
considered here only in connection with the contention that
plaintiff was estopped by his pleadings from proving that
he was the holder of the notes, and that point has already
been sufficiently discussed.

It is contended that the notes in suit are non-negotiable,
and, therefore, that the rule that a plaintiff in possession
of a note suing with the consent of the owner is the real
party in interest cannot be invoked. The code provides
that actions must be prosecuted in the name of the real
party in interest (C. S. 1920, § 5580), and while we have
held in Hay v. Hudson, supra, that this section, in view of
the provisions of the Negotiable Instruments Law, does not

prevent a mere holder from maintaining an action, we have not had to consider the effect of that code provision on actions on non-negotiable contracts for the payment of money. There seems to be good authority for holding that even as to those contracts an assignee who has no beneficial interest in the proceeds, may maintain an action thereon. See, dissenting opinion in Stewart v. Price, 64 Kan. 191; 67 Pac. 553, 64 L. R. A. 581; Fisher Machine Works Co. v. Bank, 77 Kan. 268, 94 Pac. 124. That question we need not decide, as we are of opinion, as assumed in the foregoing discussion, that the notes in this case are negotiable instruments.

One of the three notes in suit differs in form from the other two. The negotiability of one is questioned by reason of a stipulation authorizing any attorney of any court of record to confess judgment in such court "for the amount due thereon, * * *, at any time after date hereof or after maturity."

It seems to be conceded by counsel that a provision authorizing a confession of judgment before maturity of the note renders the note non-negotiable, but that if the provision authorizes only a confession of judgment after maturity, the negotiability of the note is not thereby affected. The Negotiable Instruments Law expressly provides that "the negotiable character of an instrument otherwise negotiable is not affected by a provision which * * * authorizes a confession of judgment if the instrument be not paid at maturity." The question, then, is whether the stipulation in the note does in fact authorize a confession of judgment before maturity.

A stipulation quite similar to, if not in effect identical with, the one in the instant case was considered in Edelen v. First Nat'l. Bank, 139 Md. 422, 115 A. 602. In the note in that case it was "agreed that at any time judgment confessed shall be entered in a proper court against the maker or makers * * * for such sum as may be due thereon." It was contended that this authorized a judgment to

be confessed on the note before its maturity, but the court held against the contention, saying, among other things:

"If the provision was simply that the judgment might be obtained 'at any time,' the contention would have to be sustained. But it stipulated that the judgment to be confessed must be 'for such sum as may be due' on the note. In the cases cited by the appellant there was no such qualification of the provision for confession of judgment. * * * The terms of the note we are now considering did not entitle the holder to enter judgment at any time, without reference to the question as to whether or not the note had matured. It is only 'for such sum as may be due' on the note that the judgment could be entered. The meaning of the word 'due' depends, of course, upon the connection in which it is used. * * * It is here employed to express one of the terms of a promissory note, and with respect to such a subject and purpose there can be no serious doubt as to its meaning. A negotiable instrument is not 'due' until it matures or becomes payable according to its terms. It is not until the time fixed in the note for its payment has arrived that any part of the sum it specifies is 'due,' in the sense in which that word is customarily used in such a connection. As thus employed it has regard to the maturity, and not merely to the existence, of the indebtedness. * * * When, therefore, the note in this case provides that judgment may be entered 'at any time' 'for such sum as may be due thereon,' it means that the entry of the judgment can only occur after the note has matured."

We think this reasoning is applicable in the case at bar. We have found no case holding that authority to confess judgment for the "amount due" should be construed as permitting a judgment before maturity. Of the several cases relied upon by appellant on this point, three are distinguished in the opinion in Edelen v. First National Bank, supra. We may add that in two of them, Bank v. Russell,

124 Tenn. 618, 139 S. W. 734, Ann. Cas. 1913A 203, and Richards v. Barlow, 140 Mass. 218, 6 N. E. 68, as well as in Conrad Seipp Brew. Co. v. McKittrich, 86 Mich. 191, 48 N. W. 1086 the provision was that judgment might be confessed at any time "for such amount as may appear to be unpaid" on the note. In Volk v. Shoemaker, 229 Pa. 407, 78A, 933, cited by counsel, the language of the bond is not given, but the court states that it contained a provision that authorized the entry of judgment at any time. In Clark v. Horicon Bank, 171 Wis. 133, 176 N. W. 906, the stipulation authorized a confession of judgment at any time after the date of the note "for such amount as may be due, and also for any amount to become due thereon." It was held that the last phrase related to a sum not yet due but by the terms of the note to become due thereafter, and that the holder was authorized to enter judgment at any moment after receiving the note.

As the provision of the note in question in the case at bar authorized a confession of judgment for only "the amount due thereon," and there would be nothing due until maturity, we hold that the phrase "at any time after date hereof" did not permit judgment to be confessed before maturity, and did not, therefore, render the note non-negotiable.

It is contended that the two other notes are non-negotiable because each recites that "Sureties and endorsers hereby consent that time of payment may be extended without notice thereof, and waive protest."

Because of the consent to the extension of time of payment, it is argued that the time of payment is not "fixed or determinable" within the meaning of the section of the Negotiable Instruments Law defining a promissory note. C. S. Sec. 4117; N. I. L. Sec. 184. We have found no authority supporting the contention. The cases cited concern notes containing stipulations whereby the maker, holder, or both the maker and holder, consented that the time of payment might be extended without notice. As to the effect of such stipulations the authorities are not harmonious. Brannon

on Negotiable Ins. Law, pp. 390-391; First National Bank
v. Buttery, 17 N. D. 326, 116 N. W. 341, and notes to that
case as reported 16 L. R. A. (N. S.) 878 and 17 Ann. Cas.
52. But where, as in our case, the stipulation affects only
sureties and endorsers, we see no reason for holding that
the time of payment is uncertain. The time of payment in
such a case can be extended only by contract between the
holder and the maker. Farmer v. Bank, 130 Ia. 469; 107 N.
W. 170; American Bank & Trust Co. v. Ragsdale 74 Ind.
App. 367, 129 N. E. 59; National Bank v. Dickinson, 102
Kan. 564, 171 Pac. 636.

No cases are cited to support the contention that the
waiver of protest renders the notes non-negotiable. The
right to include such an express waiver in a negotiable in-
strument without affecting its negotiable character seems to
be recognized by the Negotiable Instruments Law, and cases
decided since its enactment. C. S., §§ 3938, 4015, 4043;
N. I. L. §§ 5, 82, 110; Leach v. Urschel, 112 Kan. 629 212
Pac. 111, and cases cited; 8 C. J. 129; 3 R. C. L. p. 919.

It is also contended that the notes were illegal and void,
or at least unenforceable, for the reasons stated in the sec-
ond and third grounds of defendant's motion for a directed
verdict. The law invoked is section 5148, Wyo. C. S. 1920,
as follows:

"All notes, bills and other evidence of debt, excepting
bills of exchange, discounted by any banking association,
shall be made by the terms thereof or by special endorse-
ment, payable to the order of such association; and no such
evidence of debt shall be assignable except for collection or
for the following purposes:

First—For the purpose of rediscount, as provided for in
Sec. 5143.

Second—To pay liabilities of said association; and

Third—To divide among shareholders on their stock."

This statute was considered by us in Farmer's State Bank
v. Haun (Wyo.) 222 Pac. 45, 50, where it was held that evi-

dences of indebtedness taken by a bank in violation of the statute are neither void nor unenforceable in the hands of the bank. Defendant's brief was prepared before the decision of that case, and he cites authorities not considered by the court in arriving at the conclusion stated. An examination of the additional authorities does not cause any change in our views. The principal case now relied on is Vanatta v. State Bank of Ohio, 9 O. St. 27, where it was held that the bank could not maintain an action on a note taken in violation of a somewhat similar statute. It is claimed that the statute considered in the Ohio case is so similar to ours that the latter must have been taken from the former with the intention of adopting the construction placed thereon by the Ohio courts. But this contention cannot be sustained for, though the two statutes have striking similarities, their contexts are not the same, and the very language of the Ohio statute that was most emphasized in the cited decision from that state is omitted from the Wyoming statute. We adhere to the conclusion announced in Farmer's State Bank v. Haun. Moreover, in the case at bar, the defendant was not a party to the transaction whereby the bank acquired the notes nor to the transaction, if any, whereby the plaintiff acquired them. Under the issues, as we have seen, it was immaterial to the defendant whether the bank or the plaintiff was the real owner of the notes so long as the defendant was permitted to make the defense he had pleaded. We have been cited to no authority for permitting a plea of *ultra vires* by one who is not a party to, nor injuriously affected by the unauthorized transaction. See 14a C. J. 335-337; Cook on Corporations (8th Edition) Sec. 668. It is certainly very doubtful whether the maker of a note can be heard to contend that a transfer thereof has been made by a corporation acting *ultra vires*. Quinn v. First National Bank, 8 Ga. App. 235; 68 S. E. 1010; Winer v. Bank, 89 Ark. 435, 117 S. W. 232, 131 Am. St. Rep. 102, and cases there cited. In the case at bar the notes were enforceable in the hands of the bank under our holding in Farmer's

State Bank v. Haun, and if a transfer by the bank to plaintiff was *ultra vires* the bank, it would follow that the bank still owns the notes, and the plaintiff would still be entitled to judgment as the person in possession suing with the consent of the owner. Hay v. Hudson, supra.

We are of opinion that the trial court was right in holding that, under the pleadings and evidence, the plaintiff was entitled to maintain the action as the real party in interest. If it be conceded that there was a dispute as to whether the plaintiff was the holder of the notes at the time he commenced the action, the finding of the judge on that issue will not be disturbed in view of the request by each party for a directed verdict. This point will receive more notice in connection with our discussion of the right of the court to direct a verdict on the issue of fraud.

The remaining assignments of error necessary to be discussed concern rulings of the court on the admissability of evidence on the issue of fraud, and the sufficiency of the evidence on that issue.

The notes in suit were given in purchase of shares of stock in the United Producers Company, a Wyoming corporation engaged in the production of oil. The fraud alleged was the false representation in regard to the assets of that company made by Vance, the payee in the notes, to induce defendant to make the purchase of the shares of stock. When he purchased the stock, and for some time before, the defendant owned some shares of stock in another corporation called the Nebraska-Wyoming Potash Company on which he testified he had received two quarterly dividends of five per cent. He testified that Vance represented that stock in the United-Producers Company was worth more and "a better proposition" than stock in the Potash Company. This testimony was received over plaintiff's objection, and later, on motion of the plaintiff, it was stricken out on the theory that it was a mere opinion as to comparative values. There can be no doubt that it is the general rule that an expression of opinion as to values is not fraud.

This was recognized in First National Bank v. Swan, 3 Wyo. 356, 372, 23 Pac. 743, 750, where it was said:

"A statement which is but an expression of an opinion has never, unless in exceptional and peculiar cases, been held to be the representation of a fact. Judicial decisions throughout the country, to the effect that representations of value, or expressions involving deduction and calculation, though false, do not imply legal fraud, are so numerous that they need not be cited."

There is no occasion in this case to question or discuss authorities cited by appellant to the effect that an opinion may involve a statement of fact, and that in doubtful cases the question whether the representation is an opinion or a statement of a fact is for the jury. If it be conceded that the statement here relied upon did involve a material fact, we cannot see how the testimony could have helped the defendant. There was no testimony given or offered to show the value of the stock of either company at the time of the statement, except that dividends were paid on the stock of the Potash Company and none on the other. The defendant in his testimony admitted that at the time he purchased the stock of the United Producers Company it may have been worth more on the market than he paid for it, and he made no effort or offer to prove that it was worth less. Other representations claimed by defendants to have been made to him by Vance were representations of material facts relative to the property owned by the corporation, but, as will presently appear, we think the trial court was justified in holding that the evidence failed to establish that those representations of fact were false. If the representations of fact were not proved to be false, it is hardly to be contended that there could have been any evidence on which to base a finding that Vance's opinion as to value of the stock was untrue or fraudulent.

In cross-examination of defendant the plaintiff was permitted without objection to prove that several months after purchasing the stock for which the notes were given, the defendant exchanged stock in the Nebraska-Wyoming Potash Company for stock in the United Producers Company, and on being asked whether in the meantime he had made any investigation as to the property of the latter company, he was required to answer, over objection, that he had not. Counsel fail to point out how this evidence was at all prejudicial, and we cannot see that it was.

The defendant offered in evidence the deposition of G. A. Young, by whom it was sought to be proved that the Magnolia Petroleum Company, of which the witness was Assistant Treasurer, purchased all the oil produced from a particular tract of land known as the ''McArthur Tract,'' during a period from August to December, 1919. Several questions asked of the witness for the purpose of eliciting this testimony were objected to both at the time of taking the deposition and at the trial, and on the trial the objections were sustained. We think it appeared that the witness was not prepared to testify to these facts from his own knowledge, and that he could only tell what he had learned from the books of his company. The books were not offered in evidence nor shown to be proper memoranda for use by the witness in refreshing his memory. As it appears that the questions called for hearsay testimony, there was no error in sustaining the objections thereto. It is claimed, however, that the right to object at the trial was waived by a stipulation entered into at the time the deposition was taken. This deposition and others were intended for use in several actions involving similar issues, and there was a written stipulation providing that they might be so used. It was recited in the stipulation that testimony taken by deposition might be offered in evidence in each of the several cases, ''and have the same force and effect as if a transcript had been made and filed in each separate enumerated case, and any and all objections to such offering of said testimony

and said depositions is hereby expressly waived, but no objection is waived as to the competency, relevancy, or materiality of said depositions in any of said cases of their admission under the rules of evidence.'' We think it is clear that there was no waiver by plaintiff of his right at the trial to make the objections that were sustained.

To show the properties owned by the United Producers Company the defendant offered in evidence parts of a certified copy of the application of that company for a permit to sell its stock in this state under the ''Blue Sky'' law. When the application was offered and the plaintiff had made several objections challenging its admissibility, the judge announced that he would look the matter over, and the trial proceeded without any ruling. The instrument was not again offered, and the defendant made no further request for a ruling as to its admissibility. The failure of the court to make a ruling is not assigned as error, but defendant contends that we should consider the application as being in evidence for consideration with the other evidence in the case on the issue of fraud. The contention cannot be sustained. We believe the result was the same as when a question asked of a witness is objected to, and the judge, without a ruling and without an answer to the question, has the matter passed, and it is not again called to his attention. See: Dudley v. Paper Co., 90 Me. 257; 38 R. 157; Schloss v. Estey, 114 Mich. 429, 438, 72 N. W. 264.

The remaining question is whether the court was justified in directing a verdict in plaintiff's favor on the issue of fraud. The defendant testified that he relied on representations by Vance that the United-Producers Company had 9 producing wells in the Desdemona oil fields in Texas; that one well was producing 6000 bbls. a day, and one bringing in $400 a day; that the company had a large tract of land sufficient for the drilling of 40 additional wells for which contracts had been let, and that the wells would be completed at the rate of one a month. It is at least doubtful whether there was any substantial evidence to prove the

falsity of the representations. According to both the answer and the testimony of defendant, Vance spoke of the holdings that the company had in the Desdemona field. Another witness testified that Vance told defendant that the wells of the company were in the ''McArthur Royalty.'' The trial court, however, was justified in holding that the representations to defendant, as understood by him and relied upon, had reference to the holdings of the company in the Desdemona field, and that, to establish fraud, defendant had the burden of proving that the representations, as so understood, were false. Defendant's evidence offered for the purpose of showing the property and income of the company had relation to the ''McArthur Tract,'' with some evidence as to the number of wells drilled on another tract. There was no evidence to identify or define the Desdemona field, and it is to be inferred that the McArthur tract, and the other tract referred to, if within the Desdemona field, are only a part of it. Though it would seem that the trial court was justified in holding that there was no substantial evidence to prove that the company did not have the property in the Desdemona field, as represented by Vance, it is not necessary to base our opinion on the failure of appellant to make out a *prima facie* case. We held in Sneider v. Big Horn Milling Co., 28 Wyo. 40, 200 Pac. 1011, that where each party at the close of the evidence moves for a directed verdict without at any time asking that the jury pass on any question of fact, the findings of fact to sustain the direction of a verdict should not be set aside by the reviewing court unless clearly against the weight of the evidence. We see no reason for refusing to apply that rule here. It is true that the judge had expressed his purpose to grant plaintiff's motion before the defendant's motion was made and before the case was re-opened for the purpose of taking further evidence. In such circumstances it would seem that both motions were in abeyance until the further evidence was taken, and if both had not been renewed thereafter the rule would probably not apply. In this case, how-

ever, after the additional evidence was taken, both motions were renewed, without any request then or later that any issue of fact be submitted to the jury.

The judgment of the district court will be affirmed.

*Affirmed.*

POTTER, Ch. J., and BLUME, J., concur.