LOUIS J. BRANN, PETER A. ISAACSON

AND

ALTON A. LESSARD

*vs.*

CITY OF ELLSWORTH.

Androscoggin.    Opinion, April 15, 1941.

*Brann, Isaacson & Lessard,*
*Berman & Berman* (Lewiston, Maine), for plaintiff.
*Clarke & Silsby,* for defendant.

SITTING: THAXTER, HUDSON, WORSTER, MURCHIE, JJ.

THAXTER, J. This is an action of assumpsit brought by the plaintiffs, who are attorneys-at-law, against the City of Ellsworth to recover for the breach of an alleged contract.

The writ as amended alleges that the defendant entered into an agreement for the purchase of a certain lot of land on which the Ellsworth City Hall Building was to be erected subject to a certain mortgage to be given by the Ellsworth Municipal Building Corporation to the Ellsworth Rehabilitation Corporation in an amount to be ascertained in accordance with the costs of erecting said City Building, which amount was ascertained to be $111,000; that the defendant encountered certain legal and financial difficulties, and entered into an agreement with the plaintiffs to employ them as attorneys-at-law "to act as counsel to assist the City Attorney of said

defendant in negotiating with the Reconstruction Finance Corporation, which corporation had advanced the necessary funds to the Ellsworth Rehabilitation Corporation for the erection of said City Hall Building, towards securing a reduction of the mortgage indebtedness on said land and City Hall Building, and to secure to said City full title to said land and buildings free and clear of all encumbrances, for a sum of money less than said $111,000, and agreed to pay to your said plaintiffs the sum of $10,000 and expenses when the services in connection with such negotiations were completed."

The defendant pleaded the general issue with a brief statement setting forth that the agreement of the city concerning the Ellsworth City Hall was void, and that the city was not obligated upon any mortgage indebtedness to the Reconstruction Finance Corporation and had no interest in receiving a reduction of the mortgage indebtedness.

A hearing with the right of exceptions reserved was had before referees who found for the defendant and ruled as follows:

"The Referees report that the plaintiffs have failed to establish by a fair preponderance of competent evidence that they have a valid and forcible claim against the defendant City of Ellsworth, for legal services in connection with the mortgage debt upon its municipal building and which is the basis of this suit. Therefore, the defendant is entitled to judgment."

Written objections were filed to the acceptance of the report, and to the overruling of these and to the acceptance of the report, the plaintiffs filed exceptions which are now before us.

One objection relates to an alleged exclusion of certain evidence, the others to the substance of the findings which it is claimed are not supported by any competent evidence.

The plaintiffs have no valid ground to complain because of the referees' ruling on the admissibility of evidence. The plaintiffs, in order to show that a resolution was passed to employ the plaintiffs and to show the terms of the employment, offered parol evidence of the business claimed to have been transacted at an alleged meeting of the city council of the defendant held December 19, 1938. The action of the referees with respect to this proffered evidence is set forth in the bill of exceptions in the following language: "This evi-

dence was objected to by the defendant and was admitted *de bene* by the referees, under stipulation of the parties to the effect that if the referees found, after all the evidence was in, that said parol evidence was legally admissible, it would be considered with all of the evidence in the case, otherwise it would be rejected." Assuming the admissibility of the evidence, there is nothing in the record to show that the referees rejected it. Without a formal ruling by the referees excluding the evidence the plaintiffs have nothing on which to base their objection. *Dudley* v. *Poland Paper Co.*, 90 Me., 257, 261, 38 A., 157. Counsel in their brief argue that the statement by the referees, that "the plaintiffs have failed to establish by a fair preponderance of the *competent evidence* that they have a valid and enforceable claim," constitutes a rejection of the evidence offered. We cannot see how it is any more a rejection of the evidence than it is a recital that they considered it.

The city had power to act only in accordance with the terms of its charter granted by the legislature. Under the provisions of this, the members of the city council were constituted the municipal officers of the city and were given all the powers usually exercised by such officials. The charter specifically provides, Priv. & Sp. Laws 1933, Chap. 34, Art. II, Sec. 7, that the city council "shall act only by ordinance, order or resolve . . . ." It was therefore necessary for the plaintiffs, in order to maintain their claim, to establish that the agreement as set forth in the declaration was approved in the prescribed manner at a valid meeting or that there was a subsequent ratification of it under the same conditions. *Jordan* v. *School District No. 3*, 38 Me., 164; *McCoy* v. *Briant*, 53 Cal., 247; *City of Bryan* v. *Page & Sims*, 51 Tex., 532; *Paul* v. *City of Seattle*, 40 Wash., 294, 82 P., 601; McQuillan, Municipal Corporations, Secs. 1281, 1360; 19 R. C. L., 1075.

The plaintiffs claim that there was a special meeting of the city council on December 19, 1938, at which the contract was approved and that in any event the agreement was subsequently ratified. Art. II, Sec. 6 of the charter requires that notice of a special meeting shall "be served in person upon, or left at the usual dwelling place of each member of the council and of the city manager." The referees could have found from the evidence that the required notice was not in fact given but that certain of the members were summoned by

telephone; that at least one of the members, Mr. Higgins, did not receive the telephone notice and was not in fact present; that another member, Mr. Carlisle, regarded the meeting simply as a conference; and that the clerk was told that he need not attend. There is some conflict in the testimony on certain of these points. The resolving of such conflicts and the weight to be given to the evidence was for the referees. The evidence would have justified a finding that there was no valid meeting when the contract in question was considered, and likewise that there was no ratification of it. The payment of $500, which it is claimed shows a recognition of the contract, was in fact not made directly to the plaintiffs and falls far short of showing an unequivocal ratification.

The referees have not indicated on what ground they based their finding. So long, however, as it is founded on any credible testimony this court cannot set it aside.

*Exceptions overruled.*